UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SOULEYMANE CAMARA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01248-JPH-KMB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255
AND DENYING CERTIFICATE OF APPEALABILITY**

For the reasons discussed in this Order, petitioner Souleymane Camara's

motion for relief pursuant to 28 U.S.C. § 2255 is **denied** and the action is

dismissed with prejudice. In addition, the Court finds that a certificate of

appealability should not issue.

**I.
Legal Standard**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by

which a federal prisoner can challenge his conviction or sentence. *See Davis v.

United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a

federal conviction or sentence under § 2255 "upon the ground that the

sentence was imposed in violation of the Constitution or laws of the United

States, or that the court was without jurisdiction to impose such sentence, or

that the sentence was in excess of the maximum authorized by law, or is

otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this

statute is available only in extraordinary situations, such as an error of

constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

Not every petitioner who seeks relief pursuant to § 2255 is entitled to an evidentiary hearing. *Cooper v. United States*, 378 F.3d 638, 641–42 (7th Cir. 2004). A hearing is unnecessary when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A district court "need not hold an evidentiary hearing 'if the petitioner makes allegations that are vague, conclusory, or palpably incredible, rather than detailed and specific.'" *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016) (quoting *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001)). A court should conduct an evidentiary hearing "when the petitioner alleges facts that, if proven, would entitle him to relief." *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009) (quotation marks omitted).

## II.
## Factual and Procedural Background

In September 2018, Mr. Camara was indicted for his participation in a fraudulent scheme. *United States v. Camara*, 1:18-cr-00296-JPH-TAB-5 (hereinafter "Crim. Dkt."), dkt. 27. The scheme involved a conspiracy to traffic in and use counterfeit documents and stolen credit cards to purchase over $3 million in merchandise from several Sam's Club locations. *Id.* at 4. A third

superseding indictment included charges for conspiracy, access device fraud, and aggravated identity theft.  Crim. Dkt. 558.

On October 2, 2019, appointed counsel appeared for Mr. Camara, Crim. Dkt. 266.  Nearly two years later, in August 2021, Mr. Camara filed a motion to represent himself, Crim. Dkt. 543, and Mr. Camara's counsel filed a motion to withdraw his appearance, Crim. Dkt. 538.  The Court granted Mr. Camara's counsel's motion to withdraw his appearance, Crim. Dkt. 545, and held a *Faretta*[1] hearing on August 26, 2021, Crim. Dkt. 567.  The Court found that Mr. Camara knowingly and voluntarily waived his right to counsel and granted his motion to represent himself.  Crim. Dkt. 567.  The Court appointed John D. Keiffner as standby counsel.  *Id.*; *see also* Crim. Dkt. 573.

On September 7, 2021, Mr. Camara, representing himself, executed a petition to enter a plea of guilty and plea agreement.  Crim. Dkt. 574.  Mr. Camara agreed to plead guilty to counts 1, 2, and 8, pursuant to the Federal Rule of Criminal Procedure 11(c)(1)(B).  *Id.* ¶ 1.  In the plea agreement, he acknowledged the elements of conspiracy, access device fraud, and aggravated identity theft, and stipulated to the factual basis.  *Id.* ¶¶ 3, 16.  Mr. Camara "admit[ted] that each and every fact alleged in the Indictment is true."  *Id.* ¶ 16.

On September 10, 2021, the Court held a change-of-plea hearing and accepted Mr. Camara's guilty plea.  Crim. Dkt. 582.  The Court adjudged Mr. Camara guilty of counts 1, 2, and 8 of the Third Superseding Indictment.  *Id.* Near the end of the hearing, Mr. Camara asked to have counsel appointed to

---

[1] *See Faretta v. California*, 422 U.S. 806 (1975).

represent him for the remainder of the case.  The Court granted that motion and appointed John Keiffner as counsel for sentencing.  *Id.*  At the end of the change of plea hearing, Mr. Camara confirmed that he reviewed the discovery in the case:

> The Court: So can you please confirm that you did in fact have the opportunity to review the materials that you had requested when we were at the hearing last week on your motion to proceed pro se?
>
> Camara: Yes, sir, I had an opportunity to review the discovery.

Crim. Dkt. 755 (Change of Plea Transcript) at 24.

On December 1, 2021, the initial presentence investigation report ("PSR") was docketed.  Crim. Dkt. 594.  Mr. Keiffner filed a motion for an extension of time to object to the PSR, and then filed a motion to withdraw from the case. Crim. Dkt. 605.  The Court granted that motion and appointed Jeffrey Baldwin as appointed counsel.  Crim Dkts. 605, 608, 614.  Mr. Baldwin entered his appearance for Mr. Camara on December 27, 2021.  Mr. Baldwin sought multiple extensions of time to object to the PSR.  Crim. Dkt. 621, 629.

On March 1, 2022, the final PSR was docketed.  Crim. Dkt. 637.  In the PSR, Mr. Camara's guideline range was 57 to 71 months' imprisonment, with 24 months' consecutive mandatory for Count 8.  *Id.* ¶¶ 71–72; Crim Dkt. 756 at 6–7.  The sentencing hearing was scheduled for July 7, 2022.  Crim. Dkt. 643.

At the sentencing hearing, Mr. Camara apologized for his actions.  Crim. Dkt. 756 at 8.  Mr. Baldwin argued for a below or low-end guideline sentence,

noting that Mr. Camara would likely be subject to deportation and had a lesser role in the offense.  Crim. Dkt. 756 at 8–12.

During its evaluation of the 3553(a) factors, the Court noted, among other things, that Mr. Camara's culpability was high because he was "very involved" in the conspiracy, not a peripheral member, for an extended period of time.  Crim. Dkt. 756 at 15.  The Court also noted that it was troubled by Mr. Camara's criminal history, which included convictions for aggravated robbery and multiple instances of fraudulent behavior, including unlawful use of a debit card and access device fraud.  *Id.* at 17.  The Court stated that the recidivist nature of Mr. Camara's conduct was a highly relevant factor, citing his previous federal conviction and 15-month prison sentence for fraudulent conduct, as well as the short lapse of time between the end of his term of supervised release for that case and when he began engaging in the fraudulent conduct in this case.  *Id.*

Citing, among other things, the need for the sentence imposed to protect the public and promote respect for the law, the Court sentenced Mr. Camara to 71 months' imprisonment on each of Counts 1 and 2 to be served concurrently and 24 months on Count 8 to be served consecutively for a total term of 95 months' imprisonment.  Crim. Dkt. 687; Crim. Dkt. 756 at 18–19.

Mr. Camara did not appeal.  *See* Crim. Dkt.

On July 18, 2023, Mr. Camara filed a § 2255 petition claiming (1) ineffective assistance of counsel during the pretrial phase, (2) ineffective assistance of counsel during the penalty phase, (3) lack of factual basis, and (4)

5

sentencing Court's failure to consider all mitigating circumstances.  Dkt. 1 at
3–6.  The government filed a response, dkt. 6, and Mr. Camara did not file a
reply.

### III.
### Discussion

#### A. Legal Standards

A petitioner claiming ineffective assistance of counsel bears the burden of
showing (1) that counsel's performance fell below objective standards for
reasonably effective representation and (2) that this deficiency prejudiced the
defense.  *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States
v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011).  If a petitioner cannot establish
one of the *Strickland* prongs, the Court need not consider the other.  *Groves v.
United States*, 755 F.3d 588, 591 (7th Cir. 2014).  To satisfy the first prong of
the *Strickland* test, a petitioner must direct the Court to specific acts or
omissions of his counsel.  *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir.
2009).  The Court must then consider whether, in light of all the
circumstances, counsel's performance was outside the wide range of
professionally competent assistance.  *Id.*  To satisfy the prejudice component, a
petitioner must establish that "there is a reasonable probability that, but for
counsel's unprofessional errors, the result of the proceeding would have been
different."  *Strickland,* 466 U.S. at 694.

In the context of guilty pleas, "in order to satisfy the 'prejudice'
requirement, the defendant must show that there is a reasonable probability

that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

**B. Analysis**

  **1. Ineffective Assistance of Counsel Claims**

   **a. Pretrial Phase**

Mr. Camara argues that his counsel was ineffective during the pretrial phase because he didn't provide him with copies of discovery materials. Dkt. 1 at 3. Mr. Camara contends his counsel advised him that the only way he would be given access to discovery materials was by participating in a proffer meeting with the government. *Id.*

Mr. Camara represented himself when he decided to plead guilty. A defendant who chooses to represent himself cannot later claim ineffective assistance of counsel. *United States v. Chapman*, 954 F.2d 1352, 1363 (7th Cir. 1992) (citing *Faretta v. California*, 422 U.S. 806, 834–35 n.46 (1975); *Prihoda v. McCaughtry*, 910 F.2d 1379, 1386 (7th Cir. 1990); *United States v. Troxell*, 887 F.2d 830, 836 (7th Cir. 1989)); *see United States v. Banks*, 828 F.3d 609, 617 (7th Cir. 2016).

Further, Mr. Camara testified under oath at the change of plea hearing that he had reviewed the discovery. Before he pled guilty, the Court asked Mr. Camara whether he had the opportunity to review the discovery, to which he responded: "Yes, sir, I had an opportunity to review the discovery." Crim. Dkt. 755 at 24. Moreover, Mr. Camara does not identify what evidence counsel allegedly failed to review or share with him, so he cannot show deficient

7

performance. *See Mendoza v. United States*, 755 F.3d 821, 831 (7th Cir. 2021) (rejecting Petitioner's claim that he had inadequate time to review discovery, observing "'[w]ith nothing other than conclusory allegations, [Petitioner] cannot establish deficient performance or, for that matter, prejudice."). Accordingly, Mr. Camara has not established a factual basis to support his claim that counsel's performance was deficient under *Strickland*.

Similarly, because Mr. Camara acted as his own counsel and saw the discovery materials, he cannot show a "reasonable probability" that he would have gone to trial if counsel had allowed him to see the discovery. *Lee v. United States*, 582 U.S. 357, 364–65 (2017) (citing *Hill*, 474 U.S. at 59). Therefore, Mr. Camara has not shown that he was prejudiced by counsel's conduct.

### b. Penalty Phase

Mr. Camara next argues that his counsel was ineffective during the penalty phase. Dkt. 1 at 4. Mr. Camara states that standby counsel did not inform him that standby counsel would take over representation if self-representation ended. *Id.* Mr. Camara further states that he did not have the requisite capacity to represent himself and therefore moved for representation of counsel. *Id.* Next, Mr. Camara complains that, after the third superseding indictment, CJA counsel did not provide him with discovery. *Id.* Mr. Camara also complains that his counsel did not "properly assess the government's position" after the third superseding indictment, which he argues had an adverse impact to him at sentencing. *Id.* Finally, Mr. Camara makes the conclusory argument that he "could not rely on counsel's knowledge and skill

8

at sentencing" and "he did not provide the assistance necessary and critical to the adversarial system to produce just results." *Id.*

The government argues that the Court should consider this claim as waived, as Mr. Camara's blanket complaints are insufficient. Dkt. 6 at 14. The Court agrees. Section 2255 allegations must be more than "vague" and "conclusory." *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). Here, many of Mr. Camara's complaints do not even relate to the penalty phase but rather to the pre-plea stage (when he was represented by counsel) and the guilty plea stage (when he was pro se but had stand-by counsel). As discussed above, however, Mr. Camara testified that he had an opportunity to review discovery. And the Court determined after a *Faretta* hearing that Mr. Camara had knowingly and voluntarily waived his right to counsel. Crim. Dkt. 567 at 1.

As to Mr. Camara's complaints regarding his counsel at sentencing, they are vague and conclusory. "Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority." *M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017). "It is not the obligation of the court to research and construct the legal arguments open to parties . . . ." *Riley v. City of Kokomo*, 909 F.3d 182, 190 (7th Cir. 2018) (internal quotation omitted). Furthermore, "it is difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy." *Harrington v. Richter*, 562 U.S. 86, 111 (2011). Here, the record shows that Mr. Camara's appointed counsel, Mr.

Baldwin, was engaged and advocated for him.  Crim. Dkt. 756 (transcript of sentencing hearing).  Mr. Baldwin argued for a below or low-end guideline sentence, noting that Mr. Camara would likely suffer deportation and had a lesser role in the offense.  *Id.* at 8–12.

### 2. Claims other than ineffective assistance of counsel

Mr. Camara raises two claims that are not based on ineffective assistance of counsel: (1) insufficient factual basis to support the guilty plea and sentence imposed; and (2) failure to consider mitigating circumstances. Dkt. 1 at 5–6.

Mr. Camara argues in his § 2255 petition that the Court lacked a factual basis under which to sentence him.  Dkt. 1 at 5.  Mr. Camara asserts that "the factual basis for the guilty plea in the plea agreement was unconscionable and rule 11(c)(1)(B) plea, which was not binding on the Court."  *Id.*  He also rehashes references to ineffective assistance of counsel, arguing that he was not in a favorable legal position based on inadequate representation which resulted in a lengthy sentence.  *Id.*

Mr. Camara also argues in his § 2255 petition that the sentencing Court failed to consider all mitigating circumstances.  Dkt. 1 at 6.  Mr. Camara argues that he filed letters to the Court that he did not have access to the Court and could not adequately defend himself.  *Id.*  He contests the evidence used against him for purposes of sentencing.  *Id.*

The United States argues that Mr. Camara waived these claims in his plea agreement.  Courts "will enforce an appeal waiver in a plea agreement if

the terms of the waiver are clear and unambiguous and the defendant

knowingly and voluntarily entered into the agreement." *United States v.*

*Worden*, 646 F.3d 499, 502 (7th Cir. 2011).  And courts generally refuse to

enforce appeal waivers only when one of a "few narrow and rare" circumstances

are present, such as relying on constitutionally impermissible factors in

sentencing or exceeding statutory sentence maximums.  *Oliver v. United States*,

951 F.3d 841, 844 (7th Cir. 2020).

Here, Mr. Camara has not identified the presence of such circumstances

or explained why the appeal waiver in his plea agreement does not apply:

> 22. **Later Legal Challenges:** Additionally, the defendant expressly agrees
> not to contest, or seek to modify, the defendant's conviction or sentence
> or the manner in which either was determined in any later legal
> proceeding, including but not limited to, an action brought under . . . 28
> U.S.C. § 2255. . . . As concerns the Section 2255 waiver, the waiver does
> not prevent claims, either on direct or collateral review, that the
> defendant received ineffective assistance of counsel.

Dkt. 6 at 19–25; Crim. Dkt. 574 ¶ 22.

At the change of plea hearing, the Court examined Mr. Camara under oath

about his understanding of the appeal waiver.  Crim. Dkt. 755 at 16–19.

And even if Mr. Camara had not waived those claims, they are

procedurally defaulted.  "Any claim that could have been raised originally in

the trial court and then on direct appeal that is raised for the first time on

collateral review is procedurally defaulted." *Delatorre v. United States*, 847 F.3d

837, 843 (7th Cir. 2017) (citing *Hale v. United States*, 710 F.3d 711, 713–14

(7th Cir. 2013)); *Massaro v. United States,* 538 U.S. 500, 504 (2003).  A § 2255

petition is not a substitute for direct appeal.  *United States v. Bania*, 787 F.3d

1168, 1172 (7th Cir. 2015); *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).

While constitutional claims may be raised for the first time in a collateral attack if the petitioner can show cause for the procedural default and prejudice from the failure to appeal, *Massaro*, 538 U.S. at 504, the petitioner must demonstrate that some objective factor external to the record impeded his efforts to bring a claim on direct appeal. *Coleman v. Thompson,* 501 U.S. 722, 753 (1991). If a petitioner is unable to demonstrate both cause and prejudice, he may be able to obtain habeas review only if he can persuade the court that the dismissal of his petition would result in a fundamental miscarriage of justice—that is, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 495 (1986).

Here, Mr. Camara presents no argument or evidence that he should be excused from procedurally defaulting these claims. Accordingly, he is not entitled to relief for these grounds in his § 2255 motion.

**IV.**
**Conclusion**

For the reasons explained in this Order, Mr. Camara is not entitled to relief on his § 2255 motion. Accordingly, Mr. Camara's motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice. Judgment consistent with this Order shall now issue and the Clerk shall **docket a copy of this Order in No. 1:18-cr-00296-JPH-TAB-5**. The motion

to vacate, Crim. Dkt. [752], shall also be **terminated** in the underlying criminal action.

## V.
### Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition.  Rather, he must first request a certificate of appealability.  *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014).  Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Camara has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court therefore **denies** a certificate of appealability.

**SO ORDERED.**

Date: 7/28/2025

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:
SOULEYMANE CAMARA
13664-027
ALLENWOOD – MEDIUM FCI
ALLENWOOD MEDIUM FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 2000
WHITE DEER, PA 17887

All electronically registered counsel